IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN H. SZEWCZYK,

    **Petitioner,**                        CASE NO. 2:11-CV-786
                                                  CRIM. NO. 2:10-CR-91
    v.                                    JUDGE GEORGE C. SMITH
                                                    MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, John H. Szewczyk, filed this motion to vacate under 28 U.S.C. §2255 following the Court's imposition of a sentence of 120 months of imprisonment and fifteen years of supervised release on a charge that petitioner used the internet to entice a person under eighteen years of age to engage in sexual conduct. He raised four claims in his petition, none of which were raised on direct appeal (he did not appeal his conviction, entered following a guilty plea, or his sentence). One of his four claims raises directly the issue of ineffective assistance of counsel; the other three do so indirectly, because petitioner claims he failed to appeal due to inaccurate advice of counsel as to his appellate rights. All of his claims are premised on the assertion that he lacked the mental competence to enter a knowing and voluntary plea, and that his counsel and the Court should have done more to determine his competency. It should be noted that no motion to determine competency was filed, and the Presentence Investigation Report, while it describes petitioner's history and diagnosis of mental illness, also notes that he was doing well on medication and does not suggest in any way that he lacked the mental capacity to enter a plea.

Because one of the claims in the petition raised an issue of ineffective assistance of counsel, the United States moved to hold the case in abeyance pending submission of a waiver of the attorney-client privilege. The Court granted that motion. Petitioner protested and asked the Court to reconsider, but that request was denied, and in an order filed on May 11, 2012, he was given an additional twenty days to submit the waiver. He was warned that his failure to do so might result in the dismissal of his petition and, indeed, the United States had filed a motion to dismiss for exactly that reason which the Court had held in abeyance pending receipt of a waiver. Petitioner has filed nothing since that date.

Ordinarily, the proper way to challenge the validity of a conviction and sentence is through a direct appeal. Claims which may be raised on direct appeal, but are not, are considered procedurally defaulted unless the failure to appeal is excused by some good cause. *United States v. Frady*, 456 U.S. (1982). Claims concerning mental competency are normally barred by the doctrine of procedural default if not raised at the trial court level and then asserted in a direct appeal. *See, e.g., United States v. Riddick*, 15 F. Supp. 2d 673 (E.D. Pa. 1998) (holding that the petitioner's "claims that his own illegal drug use rendered him incompetent to stand trial, waive his right to testify, or to assist his counsel at sentencing" were procedurally defaulted because they were not raised either at trial or on direct appeal). Even claims of ineffective assistance of counsel may be so barred if the basis for those claims are matters on the record. *Galbraith v. United States*, 313 F.3d 1001 (7th Cir. 2002). However, if claims of either mental incompetence or ineffective assistance of counsel

are supported by matters outside the record, they can be raised in a §2255 proceeding, but in order to do so, the petitioner must come forward with new evidence which would cause a reasonable person to doubt his competency at the time he entered his plea.  When that does not occur, the Court cannot grant relief in a §2255 action.  *See, e.g., Phelps v. United States,* 2007 WL 2109244, *7 (E.D. Tenn. July 18, 2007)(holding that absent evidence that would have caused counsel or the court to entertain bona fide doubts about a defendant's competence to enter a guilty plea, relief cannot be granted in a §2255 action because such a claim "provides no basis for setting aside Petitioner's plea as involuntary or unknowing").

As noted, nothing in the current record, including the Presentence Investigation Report or the plea colloquy, suggested in any way that there was a bona fide reason to question petitioner's competence to enter a knowing, informed and voluntary plea. He did not attach any new evidence to his petition, nor did he take advantage of the Court's granting him ninety days within which to supplement his petition.  Thus, three of his four claims - all but the claim of ineffective assistance of counsel - provide no basis for relief either because there is no evidence in the record to support them, or, to the extent they are based on the existing record, they were procedurally defaulted by not being raised on direct appeal.

This conclusion leaves open the possibility that petitioner might have a meritorious claim of ineffective assistance of counsel or might be able to use ineffective assistance of counsel (specifically his claim that counsel incorrectly advised him that he had no appellate

3

rights) as a basis for excusing any procedural default of his other claims. *See, e.g., Gravley v. Mills*, 87 F.3d 779, 785 (6th Cir.1996), *citing Coleman v. Thompson*, 501 U.S. 722, 753 (1991). However, the Court cannot currently consider such a claim here because petitioner has refused to waive the attorney-client privilege, making it somewhat difficult for the United States to investigate and defend against that claim.

The Court recognizes that, on occasion, federal courts have both implied a waiver of the attorney-client privilege as to communications which are relevant to an ineffective assistance of counsel claim and have themselves granted a request for a waiver. *See, e.g., Galindo v. United States*, 2011 WL 5572597 (D. Hawai'i Nov. 15, 2011) ; *see also United States v. Perez-Cruz*, 2012 WL 4863148. *1 (D. Nev. Oct. 11, 2012)("The court waives the attorney-client privilege between petitioner and [his counsel]"). Courts have also directed reluctant attorneys to discuss allegations of ineffective assistance of counsel made in a §2255 petition with counsel for the United States without the benefit of an explicit written waiver from the petitioner. *See, e.g., Mitchell v. United States*, 2011 WL 338800 (W.D. Wash. Feb. 3, 2011). That has not been this Court's practice, however, and it has specifically directed petitioner to execute a waiver of the privilege as it relates to the claims he has made in his petition, which he has not done.

In his filings, petitioner does make a valid point that the waiver he must execute is limited to any communications with his counsel which are pertinent to his current claims for relief. As the Court of Appeals has held, in this situation, "[c]ourts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'" *In re*

4

*Lott*, 424 F.3d 446, 453 (6th Cir. 2005), *quoting Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). Although, at one point, he requested the right to review a specific list of questions which counsel for the United States wished to ask his attorney, he is not entitled to that level of specificity. However, he also asked to be sent a form of waiver which would be limited to the claims he has asserted, and appears to have expressed some willingness to consider such a document. At the same time, however, he questions the efficacy of any document he does sign based on his belief that he is not mentally competent.

In the interests of resolving petitioner's claims on their merits, and in the absence of an affirmative representation from counsel for the United States that petitioner's counsel has refused to discuss this matter absent a signed waiver from the client, the Court believes it is appropriate for the Court to determine, in accordance with the authority cited above, that petitioner has, by filing his §2255 petition, waived his attorney client privilege with respect to any communications with his attorney which bear on his competency to have entered a guilty plea and any communications concerning his appellate rights. His counsel may discuss these matters with the United States without violating any ethical prohibitions on the disclosure of privileged communications. That should enable the United States to prepare a return and fairly to meet petitioner's claims of ineffective assistance of counsel. As the United States itself recognized in its motion to stay the case pending a written waiver of the privilege, that procedure is "preferable" (Doc. 35, at 2), but in light of the unique circumstances of this case, the Court should follow an alternate procedure which will produce the same result.

For these reasons, it is recommended that the Court deny the pending motion to dismiss (Doc. 39) and direct the United States to file a return within sixty days, with petitioner having the right to reply within thirty days thereafter. Should the United States encounter difficulty in its efforts to discuss the matter with petitioner's counsel, it shall so advise the Court. In addition to the standard advice (given below) about the consequences of failure to object to a Report and Recommendation, petitioner is separately and specifically advised that his failure to object will be deemed to be a second implied waiver of the attorney-client privilege as it relates to the claims raised in his §2255 petition.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal

the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              /s/ Terence P. Kemp  
                                              United States Magistrate Judge